**United States District Court**
**Southern District of New York**

**UNITED STATES OF AMERICA**   )
                               )
   **-v-**                      )          07 Cr 1095
                               )          (SAS)
**ALEXANDER CONCEPCION**       )

## ALEXANDER CONCEPCION'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

In its responsive brief, the Government avers that alternative investigative measures were pursued by the Federal Bureau of Investigation (FBI) prior to its application for a wiretap of Mr. Concepcion's cellular telephone ("the cellphone"). First, the Government argues that the FBI attempted to introduce an undercover agent to Mr. Concepcion through a confidential informant but that the effort failed as Mr. Concepcion had stopped returning the informant's calls. (Government's Response at 10). In the same vein, the Government avers that a controlled delivery of drugs to Mr. Concepcion was impossible due to the failed attempt to introduce the agent. (Government's Response at 12). The confidential informant at issue, however, was an individual incarcerated in Pennsylvania with whom Mr. Concepcion had allegedly discussed procuring weapons to blow up bridges and tunnels. (Affidavit of Eric M. Paholsky, ¶9 [hereafter "Paholsky aff."]). The informant was not involved in any way with Mr. Concepcion's alleged drug

trafficking schemes.[1]  In fact, the affidavit does not allege that the use of an undercover agent was contemplated for the purpose of purchasing drugs from- or selling drugs to- Mr. Concepcion. Moreover, the affidavit fails to describe how the FBI intended to use the confidential informant to introduce an undercover agent for a wholly unrelated crime, i.e., narcotics trafficking.  The logical inference is that the proposed agent was not intended to advance the narcotics trafficking investigation.  Rather, the affidavit attempts to shoehorn investigative work related to the alleged terrorist plot, for which the previous wiretap application was rightly granted, into the subsequent drug investigation.  This approach is impermissible.

In addition, the Government makes a host of circular arguments regarding their failure to pursue alternative investigative methods prior to seeking the cellphone wiretap.  For example, the Government argues that a wiretap was necessary as it was not aware of any individuals who were associates of Mr. Concepcion and who may have been identified as potential cooperators.  (Government's Response at 13).  The Government also argues that surveillance of Mr.

---

[1] To this end, the Government also argues that due to Mr. Concepcion's failure to return the confidential informant's phone calls the informant was "unusable to advance the [narcotics] investigation." (Government's Response at 10).  The informant, however, only conversed with Mr. Concepcion about weapons for alleged use in terror plots.  Thus, he would have been of little or no use to the narcotics trafficking investigation even if Mr. Concepcion did not cease communications with him.

Concepcion's home was bypassed as it was "unclear" what the agents would have seen. (Government's Response at 14). The Government's failure to identify Mr. Concepcion's associates stems from its lack of investigation into the narcotics trafficking case before securing a wiretap. Similarly, the results of home surveillance are unclear because such efforts were never attempted. Simply put, the Government's own investigative shortcomings cannot now serve as a basis to justify the wiretap.

    In sum, in monitoring Mr. Concepcion's cellphone for evidence of narcotics trafficking, the Government sought to piggyback on the earlier wiretap application without pursuing alternative investigative methods. While this approach may have been efficient, it contravened the established parameters of Title III. As a result, all evidence and statements derived from the second wiretap application must be suppressed.

Dated: New York, New York
      May 9, 2008

                                  LEONARD F. JOY, ESQ.
                                  Federal Defenders of New York, Inc.
                                  Attorney for Defendant
                                  **ALEXANDER CONCEPCION**
                                  52 Duane Street - 10th Floor
                                  New York, New York  10007
                                  Tel.:  (212) 417-8737

                                  /s Hugh M. Mundy
                                  HUGH M. MUNDY
                                  Of Counsel

TO: **MICHAEL J. GARCIA, ESQ.**
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York  10007
    Attn.:    **JOHN T. ZACH, ESQ.**
              Assistant United States Attorney